ROSA KATZ, Respondent, *v.* GUS KATZ, Appellant.

First Department, December 22, 1922.

**Husband and wife — separation — parties were married in Poland, defendant was resident of Pennsylvania, plaintiff immigrated to this country one month before action was brought — court had no jurisdiction under Civil Practice Act, § 1162.**

The Supreme Court of this State has no jurisdiction, under section 1162 of the Civil Practice Act, of an action for separation brought by a wife, where it appears that the parties were married in Poland, that the defendant at the time of the commencement of the action was a resident of the State of Pennsylvania, and that the plaintiff immigrated to this country about one month before the action was brought.

APPEAL by the defendant, Gus Katz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of November, 1922, denying his motion to dismiss the complaint in an action for separation upon the ground that the court had not acquired jurisdiction over the parties.

*Stone & Schleimer* [*Max Schleimer* of counsel], for the appellant.

*Benjamin Marcus*, for the respondent.

GREENBAUM, J.:

The complaint on its face shows that the plaintiff and the defendant were married in Warsaw, Poland, on March 21, 1907. The defendant immigrated to this country in 1914. The defendant resides at Bentleyville, Penn. The plaintiff immigrated to this country in September, 1922. The plaintiff claims that she was a resident of this State on October 9, 1922, when this action was commenced. The defendant was served in New York, and appeared specially to move to dismiss the action for want of jurisdiction.

The conditions which attach to the maintenance of an action for separation as distinguished from an action for divorce are as follows:

" § 1162 [Civ. Prac. Act]. Action for separation; conditions

attached to maintenance. Such an action may be maintained in either of the following cases:

" 1. Where both parties are residents of the State when the action is commenced.

" 2. Where the parties were married within the State and the plaintiff is a resident thereof when the action is commenced.

" 3. Where the parties, having been married without the State, have become residents of the State, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced."

An analysis of the three subdivisions of the section just quoted demonstrates that the plaintiff's right to maintain this action does not fall within any of these subdivisions. *First.* The parties to this action were not both residents of this State when the action was commenced. *Second.* The parties were not married within the State. *And finally.* The parties were married without the State, but they never had become residents of the State with a continued residence of at least one year.

We may assume that the plaintiff became a resident of the State by virtue of section 1166 of the Civil Practice Act, but she was only a resident of the State for one month before the action was commenced, and, as already observed, the defendant and herself had never been continued residents for at least one year in the State. Under these circumstances there is no alternative but to reverse the order and grant the motion.

The order should be reversed and the motion granted, without costs.

CLARKE, P. J., SMITH, PAGE and FINCH, JJ., concur.

Order reversed and motion granted, without costs.